**FEDERAL GAS, OIL & COAL CO. v. CASSADY et al.**

No. 5.

District Court, E. D. Kentucky, at Pikeville.

April 3, 1943.

Woods, Stewart & Nickell and Ira M. Nickell, all of Ashland, Ky., for plaintiff.

John T. Diederich, of Ashland, Ky., for defendants.

SWINFORD, District Judge.

This case is before me on the motion of certain defendants to dismiss the petition in equity for want of jurisdiction. It is urged that the jurisdiction of this court fails since there is not requisite diversity of citizenship. 28 U.S.C.A. § 41(1).

The plaintiff is a citizen of the State of Maine. It brought this suit in equity against the heirs of Amos Cassady to quiet its title to a tract of land in Martin County, Kentucky, to which it asserted fee simple title. By amended petition in equity the plaintiff alleged that John T. Diederich, as trustee for certain interests, held a lease

to oil and gas rights, which had been executed to him by the Cassady heirs. Diederich is a citizen and a resident of Kentucky. The individual defendants, most of whom are citizens and residents of Kentucky, filed answers and counterclaims asserting fee simple titles in themselves and asking that their titles be quieted.

John T. Diederich, trustee, also filed an answer denying the plaintiff's title and asserting his interest in the oil and gas rights by reason of his lease from the Cassady heirs. Thereafter, the defendants, Cassady heirs, filed an amended answer and counterclaim in which they allege that the plaintiff, prior to the suit, had leased the oil and gas rights in the property to the Warfield Natural Gas Company which later assigned it to the Virginian Gasoline and Oil Company, both citizens of the State of Kentucky. (The record later indicates that the Virginian Gasoline and Oil Company was a West Virginia corporation, but the fact is not material to the determination of the issue.) It is further alleged in this amended answer and counterclaim that John T. Diederich, trustee, had assigned and transferred his lease to John Hale, Brad Boyd and Mary J. Dempsey, all citizens and residents of the State of Kentucky. It is alleged that all of these parties are necessary and proper "parties to this suit." The Court thereupon ordered the named parties to be made defendants and they were duly summoned and filed their answers. It should be noted that while this pleading was denominated an amended answer and counterclaim it was in fact an amended answer and cross-petition and was so treated.

The sole question urged by the defendants to sustain their motion to dismiss is that since the interests of Warfield are identical with the plaintiff and contrary to all other defendants excepting Virginian that the Court should rearrange the parties, make Warfield and Virginian plaintiffs, and since Warfield was a citizen and resident of the same state and district as the defendants the requisite diversity of citizenship fails and the Court is without jurisdiction.

The real question for determination is whether Warfield is an indispensable party to the determination of the original suit.

This question is never approached without some confusion. The classifying of parties as proper, necessary and indispensable is never so clear that it does not re-quire careful study. It would serve no purpose here and add nothing to judicial lore for this court to enter into an academic discussion of these three kinds or classes of parties. In considering the question I will bear in mind the general definitions given to each of them in Hughes Federal Practice and Procedure, Volume 7, Sections 4294, 4295, 4296, with cases cited to sustain the text.

Here a proper party is defined as, "one who has an interest in the subject-matter of the litigation, which conveniently may be settled therein." Kelley v. Boettcher, 8 Cir., 1898, 85 F. 55; Sioux City Terminal Railroad & Warehouse Co. v. Trust Co. of North America, 8 Cir., 1897, 82 F. 124, affirmed, 1899, 173 U.S. 99, 19 S.Ct. 341, 43 L.Ed. 628. See Continental & Commercial Trust & Savings Bank v. Corey Bros. Const. Co., 9 Cir., 1913, 208 F. 976.

This class of parties is contemplated by rule 20, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Necessary parties are those parties who though not "always absolutely must be joined, but those that are so far proper and desirable as parties that the court will require them to be joined if it can be done without destroying the jurisdiction of the court over the cause." Waterman v. Canal-Louisiana Bank & Trust Co., 1909, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80.

See in this connection, and as dealing with indispensable parties, Rule 19, Rules of Civil Procedure.

An indispensable party is one who has such an interest in subject-matter of controversy that a final decree cannot be rendered between other parties to the suit without radically and injuriously affecting his interest or without leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Parker Rust-Proof Co. v. Western Union Telegraph Co. et al., 2 Cir., 105 F.2d 976, certiorari denied 308 U.S. 597, 60 S.Ct. 128, 84 L.Ed. 500; Staten v. Louisville Trust Co., D.C., 28 F.Supp. 301.

The terms proper, necessary and indispensable seem to me to be unfortunate. Their vagueness makes confusing what should be a clear and simple matter of procedure. I am inclined to the belief that this confusion is accentuated by directing emphasis to the parties rather than the issue.

That is what is to be determined instead of who is to be affected by the result of the decree.

■ In the instant case the question to be decided is whether the defendants whom the plaintiff sued have a right to interfere with the plaintiff's enjoyment of the property in question. The court clearly had jurisdiction to determine that question as between the original parties. The defendant by its answer and cross-petition now seeks to have the question of the entire title tried, not only as between the original parties but between collateral parties and since those collateral parties are citizens of the same state as the plaintiff the plaintiff would therefore be denied the jurisdiction of the forum it chose, so the defendants could try another law suit against a stranger to the original suit.

The plaintiff is only seeking relief against the Cassady heirs and Diederich. It may not want or need any other relief. Any other relief is collateral to this main issue. Courts are liberal in permitting parties to come in or be brought into a case where by doing so a multiplicity of actions or delay and expense would apparently be avoided, but this liberality should not penalize an honest litigant who had a good case, chose the forum which he thought proper and asked a specific relief.

Rule 13(h), Rules of Civil Procedure provides:

"When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

Certainly Warfield is not a necessary party to have determined the question of ownership between Federal and the Cassady heirs and Diederich. Warfield has no interest or place in the primary and controlling matter in dispute, the right of plaintiff's enjoyment of its property against the Cassadys and Diederich. Can that sole question be determined without the presence of Warfield in the suit? As is stated in City of Indianapolis v. Chase Nat. Bank, 314 U.S. 63, 62 S.Ct. 15, 16, 86 L.Ed. 47 "the answer is to be found not in legal learning but in the realities of the record."

I am of the opinion that the defendants' motion to dismiss should be overruled.

I do not think it necessary to dismiss these additional parties or that their presence as defendants interferes with the determination of the case.

Proper orders in accordance with this memorandum should be submitted.