## NIASH REFINING CO., Inc. v. SYDNEY BERMAN & CO., Inc.

United States District Court
S. D. New York.

Feb. 3, 1950.

Louis Barnett, New York City, for plaintiff.

Henry L. Burkitt, New York City, for defendant.

### S. H. KAUFMAN, District Judge.

This is an action under the patent laws for damages and an injunction for the alleged infringement of plaintiff's patents. The answer denies infringement. In addition, it sets up twenty-three separate defenses and one counterclaim. In some of the defenses the validity of the patents is attacked. The counterclaim incorporated by reference each of the twenty-three separate defenses.

An examination of the pleading makes it apparent that the counterclaim in reality is that stated in paragraphs 42 to 48, inclusive. The claim set forth in those paragraphs is one for unfair competition. Such a counterclaim is permissive and requires independent jurisdictional grounds. The claim does not arise under the patent laws of the United States. The pleadings allege that both parties are citizens of the State of New York. There is, therefore, no diversity of citizenship on which to base the jurisdiction of this court. Further, no independent ground of federal jurisdiction is alleged. The motion to strike the counterclaim and the third subdivision of defendant's prayer for relief is granted. Derman v. Stor-Aid, 2 Cir., 141 F.2d 580, 584, certiorari dismissed 323 U.S. 805, 65 S.Ct. 25, 89 L.Ed. 643; Nye Rubber Co. v. V. R. P. Rubber Co., D.C., 81 F.Supp. 635; see 3 Moore's Federal Practice (2nd Ed.) § 13.19, pp. 56–57.

The motion to strike the twenty-third defense, consisting of paragraphs 42 to 48, inclusive, is granted. Although it is claimed by defendant that the allegations therein contained set up the defense of "unclean hands", it is clear, as noted above, that the facts alleged set up a claim for unfair competition. These allegations do not constitute a defense to this action. In any event, defendant will not be prejudiced by striking these paragraphs. The defense of "unclean hands" may always be raised at the trial. It "need not be pleaded, but, since it goes to the heart of the plaintiff's case, may be taken up without affirmative claim therefor." Libbey-Owens-Ford Glass Co. v. Sylvania Indust. Corp., 2 Cir., 154 F.2d 814, 815, certiorari denied 328 U.S. 859, 66 S.Ct. 1353, 90 L.Ed. 1630.

Plaintiff's motion is in all other respects denied. Settle order on notice.