Robert A. Pohlman, Appellant, v. Universal Mutual Casualty Co., Appellee.

Gen. No. 46,844.

First District, Second Division.
November 27, 1956.
Released for publication January 8, 1957.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

Seymour J. Kurtz, of Chicago, for appellant; John C. Richards, of counsel.

Irvin Tischer, John Narusis, Jr., of Chicago, for appellee.

JUDGE McCORMICK delivered the opinion of the court.

This is an action brought by the plaintiff against the defendant, an insurance company, to recover for personal injuries allegedly received by the plaintiff through the negligence of one Langford, whose vehicle collided with the car of plaintiff in the state of Indiana. Langford had rented a trailer from Arnold Rasmussen, Don Rasmussen and Anton Rasmussen, doing business as Standard Trailer Service, which trailer was covered by a policy of insurance issued by the defendant under and in accord with the Illinois statutes. The defendant made a motion to strike the complaint filed by the plaintiff. The plaintiff was allowed to file an amended complaint instanter. The defendant stood on his motion to strike as the same applied to the amended complaint at law, which motion was sustained, the amended complaint was stricken and the cause was ordered to be dismissed. The plaintiff appealed from this order.

The only question before this court is as to whether the court acted properly in dismissing the complaint and cause of action against the defendant.

The complaint, in one count, alleges two causes of action, one in tort and one in contract. The tort action alleges that the negligence of Langford was the proxi-

mate cause of the injuries of plaintiff and the damages resulting therefrom. The contract action is based on the contract of insurance. The plaintiff seeks but one recovery, and that against the defendant insurance company. The liability for recovery against the tortfeasor is predicated upon his wrongdoing. The liability against the insurance company is predicated upon its contractual obligation. No question of joinder is here involved. The only question is as to whether or not the plaintiff can bring this action against the defendant insurance company before there is any determination of the liability of the alleged tortfeasor, the insured.

To support his cause of action in contract the plaintiff sets out the fact that Langford had rented a trailer on April 28, 1953 from Standard Trailer Service, which was in the business of renting trailers to the general public; that under the statute the Standard Trailer Service was obligated to have either a motor vehicle liability policy or a motor vehicle liability bond; that at the time in question there was in full force between Standard Trailer Service and the defendant such an insurance policy. The policy was not attached to the complaint. The statute upon which the plaintiff relies is paragraph 63—1 of chapter 95½ of Illinois Revised Statutes, 1951, which provides:

"It is unlawful for the owner of any motor vehicle to engage in the business, or to hold himself out to the public generally as being engaged in the business of renting out such motor vehicle, to be operated by the customer, unless the owner has given, and there is in full force and effect and on file with the Secretary of State either

"(1) A motor vehicle liability policy in a solvent and responsible company, authorized to do business in the State of Illinois, providing that the insurance carrier will pay any judgment within thirty days after

155

it becomes final, recovered against the customer or against any person operating the motor vehicle with the customer's express or implied consent . . . for an injury to, or for the death of any person . . . ."

Since the policy is not before us and the complaint alleges that the policy was in compliance with the statute, we must assume that the language in the statute was the language of the policy. No suit had been brought against Langford (the insured) and no judgment was entered against him. The terms of the policy would make the recovery of a judgment a condition precedent to an action against the insurance company. There is nothing in the statute which provides that the insurance company shall compensate the injured party.

In the complaint the plaintiff also sets out certain portions of the Financial Responsibility Law of Illinois, paragraph 58 (k) (sec. 42—11) of chapter 95½, Ill. Rev. Stat. 1951. All provisions of the Financial Responsibility Law must be disregarded, because it was held in McCann for Use of Osterman v. Continental Cas. Co., 8 Ill.2d 476 (affirming a decision of this court in McCann for Use of Osterman v. Continental Cas. Co., 6 Ill.App.2d 527), that the Illinois Financial Responsibility Law specifically limits the provisions of section 42—11 (par. 58 (k)) to liability policies issued under the provisions of that Act, and that the provisions of the Act are not applicable unless the insured has by his previous conduct brought himself within its purview. There is nothing in the pleadings before us to indicate that such was the fact here.

The plaintiff relies upon the case of Illinois Casualty Co. v. Krol, 324 Ill. App. 478, where the plaintiff insurance company had issued its policy under a compulsory statutory provision. A party was injured through the negligence of a minor driver operating one of the insured defendant's trucks without a chauffeur's

156

license. The insurance company formally disclaimed liability to the insured under the policy on the ground that the provisions of the policy excluded coverage while the truck was being operated, as it was, by a person in violation of the law applicable to age or occupation of the driver. The insurance company, believing it was for the best interest of all parties to settle the claim, received an offer which it transmitted to the insured advising him that unless he settled it within a certain time limit, the company would make the settlement and seek reimbursement from him for any sums paid out by it. In this suit the insurance company sought to recover from the insured the amount paid to the injured party under the settlement agreement. The plaintiff insurance company, in order to sustain its cause of action, insisted that because of the provisions of the policy excluding coverage there was no liability on the part of the insurance company, since the action of the insured in permitting the minor to operate the truck at the time of the accident in violation of the law was a breach of the provisions of the contract of insurance. The court said:

"We think it is a fair construction of the statute to hold that one of the compelling reasons for enacting the Illinois Truck Act was the necessity of more stringent regulations for the protection of the general public in the use of highways; that one of the methods of effecting this purpose, as adopted by the legislature, is to require the operator of trucks to carry a policy of insurance indemnifying him from his liability, as provided in section 16 of the act; that, as urged by plaintiff, such insurance is for the protection of the public, and therefore policy defenses which may be good as against the insured, do not relieve the insurance carrier of its liability to parties injured in their persons or property by reason of the insured's unlawful operation of its trucks."

157

The court held that under the provisions of the policy the plaintiff was obliged, even in case there was a violation of the contract of insurance by the defendant, to defend or settle the claim of the injured person and to pay any judgment that might be entered against the defendant. The policy also provided that the insured should reimburse the company for any payment made by it on account of any accident, claim or suit which the company would not have been obligated to make under the provisions of the policy. The court held that an ultimate liability rested on the insurance company; that it had the right to make a settlement; that the settlement was fair and made in good faith; that, while by the terms of the policy the insurance company was not divested of its right to make such settlement nor relieved from its ultimate liability to the insured, nevertheless, because of the breach of policy provisions, the insurance company could recover back from the insured the money which it had paid out. This case in no way indicates that either the policy or the statute established a primary liability between the carrier and the injured party. Nor does it support the contention that a suit in the first instance, such as was attempted here, could be brought against the insurance carrier. The case is not applicable to the facts and circumstances in the case before us.

The out of State cases cited by the plaintiff dealing with joinder of an insurance company with the insured are not in point because the statutes in those States differ materially from the Illinois statute. One of the cases cited and relied upon by the plaintiff is Enders v. Longmire, 179 Okla. 633, 67 P.2d 12, which was a joint action brought against the insured and an insurance company which had by virtue and under the fiat of an applicable statute issued an insurance bond. However, in that case the statute provided that the liability insurance policy or bond *"shall bind the*

*obligors thereunder to make compensation for injuries to persons and loss of or damage to property* resulting from the operation of such motor carrier." (Italics ours.) The court in Temple v. Dugger, 164 Okla. 84, 21 P.2d 482, and in Jacobsen v. Howard, 164 Okla. 88, 23 P.2d 185, had construed the statute and had held that under it a joinder of the insured and the insurance company in an original suit was proper, inasmuch as the provisions of the statute binding the insurance company to make compensation for injuries to persons and for loss of or damage to property created a primary right of action in favor of the party injured. Subsequently the legislature amended the Act, providing ". . . and after judgment against the carrier for any such damage, the injured party may maintain an action upon such policy or bond to recover the same and shall be a proper party so to do." The court held that since the amendment did not change the portiⅽ ı of the statute upon which the court in the two previous cases had relied as making the insurance company primarily liable to the injured party, it must be assumed that it was not the intent of the legislature to prevent an original joint action against both the carrier and its surety. The decision in that case would have no influence on the case before us.

It is a fundamental rule of law that where the terms of an insurance policy are clear and unambiguous and are not in violation of any applicable statute the court must give effect to the intent of the parties to the contract in accordance with the clear expression of the agreement. Paragraph 1000 of chapter 73, Ill. Rev. Stat. 1951, provides that all policies insuring against loss or damage for which the insured is liable to persons other than the insured shall contain a provision that the insolvency or bankruptcy of the insured shall not release the company from the payment of damages occasioned during the term of the policy, and

further provides that in case execution against the insured is returned unsatisfied in an action brought by the injured person, then an action may be maintained by him against the insurance company under the terms of the policy. This section presupposes that a judgment will be recovered against the insured and permits a direct action to be brought against the insurance company in case the execution on the said judgment has been returned unsatisfied, and eliminates from the consideration of the court any defense which might have been urged by the insurance company to the effect that the insured was either insolvent or bankrupt. It does not give the injured party the right to bring a primary action against the insurance company before the liability has been established in a suit brought by him against the insured.

Here, under the assumption that the insurance policy followed the terms of the statute, it provided that the insurance carrier will pay, within thirty days after it has become final, any judgment, for an injury to or for the death of any person, recovered against the insured or any other person operating the motor vehicle with his express or implied consent. As we have pointed out, no such judgment had been recovered against the insured, and this suit was brought in the first instance against the insurance company. The complaint did not state a cause of action against the defendant.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

ROBSON, P. J. and SCHWARTZ, J., concur.