**WEST COAST TANNERIES, Ltd.,**
**Plaintiff,**

v.

**ANGLO-AMERICAN HIDES CO.,**
**Inc., Defendant.**

United States District Court
S. D. New York.
Jan. 29, 1957.

B. Leo Schwarz, New York City, for plaintiff.

Cornelius F. Gustav, New York City, for defendant.

FREDERICK VAN PELT BRYAN, District Judge.

Plaintiff moves, pursuant to Rule 56 (b), Fed. Rules Civ. Proc., 28 U.S.C.A. for summary judgment dismissing the first counterclaim contained in defendant's answer. Plaintiff contends that this Court does not have jurisdiction over the subject matter of the counterclaim since it is a permissive, not a compulsory, counterclaim and the amount in controversy is less than the $3,000 minimal requirement for diversity jurisdiction.

**168**

■■ A compulsory counterclaim is any claim that a defendant has against a plaintiff which "arises out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim." Rule 13(a), F.R.C.P. It is axiomatic that a compulsory counterclaim need not itself fulfill the requirements of federal jurisdiction, but may be adjudicated in the Federal Courts if the plaintiff's complaint meets the requirements for federal jurisdiction. Aberdeen Hosiery Mills Co. v. Kaufman, D.C.S.D.N.Y., 113 F.Supp. 833; 3 Moore, Federal Practice, ¶ 13.19 (2d ed. 1948).

■ A permissive counterclaim, on the other hand, is any claim a defendant has against a plaintiff which does *not* arise "out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim." Rule 13(b), F.R.C.P. A permissive counterclaim must allege independent grounds of jurisdiction in order to be litigated in the Federal Courts. Niash Refining Co. v. Sydney Berman & Co., D.C.S.D.N.Y., 89 F.Supp. 539; Fraser v. Astra Steamship Corp., D.C.S.D.N.Y., 18 F.R.D. 240.

The plaintiff here is suing to recover the purchase price paid to defendant for 1,500 skins described as "Mid-Western No. 1 Shearlings" sold by defendant to plaintiff, having rescinded the contract of sale and tendered the return of the goods to defendant because of defendant's alleged breach of warranty. The counterclaim alleges a breach by plaintiff of a contract to purchase from defendant 1,000 skins described as "Californian clips", and 1,000 skins described as "Californian furs", and seeks damages in the sum of $2,550.

Plaintiff argues that the respective contracts pleaded in the complaint and the counterclaim were separate and unrelated and arose out of separate and unrelated transactions. The defendant's position is that both sales were part of a single contract and arose out of a single transaction. If these sales arose out of a single transaction, the counterclaim would be compulsory under Rule 13(a), F.R.C.P., and it would be unnecessary for the counterclaim to contain the elements required independently to invoke the jurisdiction of this Court. On the other hand, if the contract in the counterclaim did not arise out of the same transaction as that alleged in the complaint, the counterclaim would be permissive and the Court would not have jurisdiction over it unless independent jurisdictional grounds existed. In this case, of course, since the counterclaim seeks to recover the sum of $2,550 only, the amount in controversy is insufficient to give the Federal Court independent jurisdiction in an action based on diversity of citizenship.

It appears from the affidavits submitted on this motion that it may well be that the two sales were part of a single contract, or, at least, arose out of the same transaction, and that therefore the counterclaim may be a compulsory one and within the jurisdiction of the court without the necessity of fulfilling independent requirements of jurisdiction. However, this does not appear from the face of the counterclaim, there being no allegations to this effect or from which the inference may be drawn that this is so.

■ The question of jurisdiction must be determined from the face of the pleading and the pleading must stand or fall on the jurisdictional allegations which it makes. Utah Fuel Co. v. National Bituminous Coal Commissioner, 306 U.S. 56, 60, 59 S.Ct. 409, 83 L.Ed. 483. If the pleading does not contain the necessary allegations it cannot be held to state a cause of action over which the court has jurisdiction merely because the facts, as appearing from extrinsic proof, show that the defect in the allegations may be cured. If, on the other hand, the allegations in this counterclaim should show that it is compulsory, such allegations will control as long as they are

made in good faith and are not conclusively controverted. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845.

I cannot hold from the face of the counterclaim interposed here that it is a compulsory counterclaim. There is no allegation in the counterclaim, as distinguished from the facts presented in the affidavits, that the contract on which it is based was the same contract as that alleged in the complaint or that it arose out of the same transaction as the contract alleged in the complaint. Therefore, on its face the counterclaim appears to be permissive and since it does not contain allegations establishing independent jurisdiction it must be dismissed for lack of jurisdiction.

However, in view of the facts stated in the affidavits, it may be that the defects in the pleading can be supplied by amendment. Plaintiff's motion to dismiss the counterclaim is therefore granted with leave to defendant to serve an answer containing an amended counterclaim within twenty days from the date this memorandum is filed.