**AMERICAN ZINC COMPANY OF ILLINOIS, a corporation, Plaintiff,**

v.

**H. H. HALL CONSTRUCTION COMPANY, a corporation, Defendant and Third-Party Plaintiff (Employers Mutual Liability Insurance Company of Wisconsin, a corporation, Third-Party Defendant).**

Civ. A. No. 3216.

United States District Court
E. D. Illinois.

June 3, 1957.

Frank M. Rain and Joseph R. Lowery, of Pope & Driemeyer, East St. Louis, Ill., for American Zinc Co. of Illinois, plaintiff.

Otto R. Erker, St. Louis, Mo. and John B. Kramer, East St. Louis, Ill., for H. H. Hall Const. Co., defendant and third-party plaintiff.

Bernard H. Bertrand and F. D. Conner, of Baker, Kagy & Wagner, East St. Louis, Ill., for Mutual Liability Ins. Co. of Wisconsin, third-party defendant.

JUERGENS, District Judge.

Suit was filed by the American Zinc Company of Illinois, a corporation, as plaintiff against H. H. Hall Construction Company, a corporation, alleging that the defendant, by and through its agent and employee, so negligently and carelessly operated a crane in an attempt to remove a tank from a railroad flat car located on the plaintiff's premises, that said tank was caused to roll from the flat car onto the shed housing plaintiff's pumping equipment, damaging the plaintiff for which it asks reimbursement. The defendant, H. H. Hall Construction Company, filed its motion for leave to bring in a third-party defendant; namely, the Employers Mutual Liability Insurance Company of Wisconsin, a corporation, as third-party defendant being the insurance carrier for the third-party plaintiff, alleging that by the terms of said insurance policy the third-party defendant has obligated itself to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof caused by accident and arising out of the hazards hereinafter described in said policy and demanding judgment against the third-party defendant for such sum, if any, which the defendant shall in this action be adjudged liable to pay to the plaintiff together with other costs.

The third-party defendant filed its motion to dismiss the third-party complaint for the reason that the liability insurance company is not a proper defendant in this action; that it is not a proper party within the meaning of Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; that it is liable only through contract and not through tort and that the liability of the third-party defendant to the third-party plaintiff is not determined by the facts of the occurrence in question.

In the alternative the third-party defendant moves to dismiss the cause of action sued upon by the plaintiff, American Zinc Company, for the reason that the plaintiff is not a proper party in this suit but that the proper party plaintiff is the Liberty Mutual Insurance Company, liability insurer of the Mueller Erection Company, a corporation, who paid to the American Zinc Company of Illinois the full amount of their damages as a result of the claim of damages made against it; that the defendant H. H. Hall Construction Company is the joint tort-feasor with the said Mueller Erection Company and that there can be no contribution among joint tort-feasors.

The jurisdiction of this court is founded upon the diversity of citizenship provision of Section 1332, Title 28 U.S.C.A.

The third-party defendant is brought into this lawsuit by virtue of the provisions of Rule 14 of the Federal Rules of Civil Procedure which deals with third-party practice, and the sole question in this case is whether or not the Employers Mutual Liability Insurance Company of Wisconsin, a corporation, as third-party defendant, is properly in this suit. Rule 14 of the Federal Rules of Civil Procedure is procedural only. It does not "abridge, enlarge, nor modify the substantive rights of any

litigant." It creates no substantive rights, thus unless there is some substantive basis for the third-party plaintiff's claim, he cannot, as a matter of right, utilize the procedure of Rule 14. The rule does not establish a right of reimbursement, indemnity, or contribution.

■■ Rule 14 attempts to avoid circuity of action. Permitting the Employers Mutual Liability Insurance Company of Wisconsin, a corporation, third-party defendant, to remain in this lawsuit would not avoid the circuity of action which Rule 14 attempts to prohibit for the reason that it is still two lawsuits, one sounding in tort, the other sounding in contract and a determination would have to be made in each case because the action of the one would not be determinative of the other. The court is not unmindful of the fact that forms of action are of no consequence in the federal courts, and a third-party claim may be based on negligence although the main claim sounds in contract or vice versa. But here the fact that the defendant may be held liable to the plaintiff in the tort action is not determinative of the liability of the third-party defendant to the third-party plaintiff in the contract action because it would have to be determined whether or not any of the exclusions of the contract apply to the liability of the third-party defendant or whether or not the third-party plaintiff has complied with all the conditions precedent to its right of action or claim for reimbursement under the contract, etc. and the facts of the occurrence in question would not be determinative of those matters.

There would be no reduplication of evidence for the reason that the evidence adduced in the ex delicto action would not be controlling in the ex contractu action and it may lend to confusion inasmuch as a jury demand has been made.

■ Rule 14 does not have for its purpose the bringing into an action any controversy which may happen to have some relationship with it. In Moore's Federal Practice, Volume 3 (2nd edition), page 431, it is stated, "Even where impleader is otherwise permissible on the facts of the case, the court, as a matter of discretion, may see fit to deny it because of the risk of prejudice if the jury learns that the defendant is insured."

■ This case being in this court because of diversity of citizenship and not because of the violation of any federal statute, the court is bound by the holding of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requiring the court to look to state law in determining the motion. The Appellate Court of the State of Illinois in Pohlman v. Universal Mutual Casualty Co., 12 Ill.App.2d 153, 138 N.E.2d 848, denied the injured party the right to sue in the first instance the insurance carrier of the tort-feasor who caused the injury, saying that the terms of the policy would make the recovery of a judgment a condition precedent to an action against the insurance company and that the provisions of the statute do not give the injured party the right to bring a primary action against the insurance company before the liability has been established in a suit brought by him against the insured. The court realizes that this is not a case in which the injured party is suing directly the insurance company, but the effect is the same in that the insured is attempting to determine his rights with his insurance carrier in the same lawsuit in which the injured party is attempting to determine its rights against the tort-feasor without a judgment first having been entered against the tort-feasor.

■ Permitting the causes of action against the respective parties in the alignment which now exists to be presented to a jury would have a strong tendency to confuse and mislead the jury inasmuch as in one action they would have to determine the tort liability of the defendant to the plaintiff and in the same proceedings determine the contract liability of the third-party defendant to the third-party plaintiff. In suits of

this kind the district court has broad and discretionary powers as to whether or not to permit such procedure. It is the opinion of this court and the court so finds that there would be less confusion in the minds of the jury and more opportunity that substantial justice would be done if the two suits were separated. In doing this there would not be a rehash of the testimony inasmuch as the testimony in the tort action would not be relative in the ex contractu action.

The court accepts the fact that there are cases which hold that ex delicto and ex contractu actions may be tried in the same lawsuit, but the court is of the opinion that this is not one of them.

It is, therefore, the opinion of this court that the third-party defendant's motion to dismiss the third-party complaint should be allowed.

Because of the holding of the court on the motion to dismiss the third-party complaint, it is not necessary for this court to decide the alternative motion of the third-party defendant, namely, to dismiss the original cause of action. It is so ordered.