KAISER ALUMINUM & CHEMICAL
SALES, INC., a corporation,
Plaintiff,

v.

RALSTON STEEL CORPORATION, a
corporation, Defendant (International
Rolling Mill Products Corporation, a
corporation, Third-Party Defendant).

No. 57 C 866.

United States District Court
N. D. Illinois, E. D.

May 28, 1959.

**24**

Hubachek & Kelly, Chicago, Ill., for plaintiff.

L. Louis Karton, Chicago, Ill., for defendant.

Ettelson & O'Hagan, Chicago, Ill., for third-party defendant.

CAMPBELL, District Judge.

Kaiser Aluminum & Chemical Sales, Inc., a California corporation, herein-

after called "Kaiser", brought this action against the defendant, Ralston Steel Corporation, an Illinois corporation, hereinafter called "Ralston", for goods sold and delivered. Jurisdiction of Kaiser's complaint is founded upon Title 28 U.S.C. § 1332. In response to this pleading, Ralston has filed an answer and counterclaim in which it admits that it owes Kaiser for the goods sold and delivered, but alleges that it has a "setoff and counterclaim" against Kaiser in excess of the amount demanded in the complaint, claiming in paragraph 3 of its pleading, that: (1) "plaintiff has in its possession, dies for the manufacture of extruded aluminum parts which dies are the property of the defendant"; (2) "plaintiff is indebted to the defendant for commissions due to it at the rate of ten per cent (10%) of all extruded parts sold by the plaintiff to Fruehauf Trailer Company in excess of One Thousand Dollars ($1,000.00) to date and said plaintiff is obligated to continue to pay said defendant as commissions on the sales of said products to said Fruehauf Trailer Company for a period of one year hence"; and (3) "plaintiff is indebted" to defendant "for the reasonable value of the use of said dies until such time as such dies are returned to said defendants".

On this pleading, Ralston asks for the following relief:

1. Discovery from Kaiser of the amount of sales made by Kaiser to Fruehauf Trailer Company and others of extruded aluminum parts made from the dies; and

2. Judgment against Kaiser for:

(a) The value of the dies;

(b) For the commissions on the sales so made by Kaiser; and

(c) For the use of said dies in the future until they are returned to Ralston.

In its reply, Kaiser, in effect, denies all of the material allegations contained

in the counterclaim. Additionally, and as a second defense, Kaiser alleges that it has leased from International Rolling Mill Products Corporation, an Illinois corporation, hereinafter called "International", the latter's extrusion plant located at Dolton, Illinois, and that included in the property so leased were the dies used by Kaiser in manufacturing the goods sold and delivered to Ralston as alleged in the complaint. Based on these allegations, Kaiser alleges, on information and belief, that the dies are the property of International. As a part of its reply, Kaiser has also asserted a counterclaim for interpleader in which it asks the Court to adjudge whether International or Ralston owns the dies. Subsequently, Kaiser brought International into this action as a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure, Title 28 U.S.C.

Since International and Ralston, the two claimants to the dies, are both Illinois corporations, I have ordered the parties to file briefs concerning the jurisdictional issue presented by the pleadings.

Though International was brought into this action as a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure, it is my opinion that International should be considered a defendant to Ralston's counterclaim as provided in Rule 13(h) of the Federal Rules of Civil Procedure, Title 28 U.S.C. Rule 14(a) expressly declares that to sustain a third-party complaint under the said Rule it must be alleged that the third-party defendant will be liable to the defendant or third-party plaintiff for all or part of plaintiff's claim against the defendant. Since Rule 14(b) places a plaintiff in the same position as a defendant under Rule 14(a) when a counterclaim is filed, it follows that the plaintiff must likewise allege that the third-party defendant will be liable to the plaintiff or third-party plaintiff for all or part of defendant's claim against the plaintiff. Fong v. United States, D.C.

N.D.Cal.1957, 21 F.R.D. 385; American Zinc Co. of Illinois v. H. H. Hall Construction Co., D.C.E.D.Ill.1957, 21 F.R.D. 190, 191, 192; Geborek v. Briggs Transportation Company, D.C.N.D.Ill.1956, 139 F.Supp. 7, 10; Fort v. Bash, D.C. E.D.Penn.1950, 10 F.R.D. 626; 3 Moore, Federal Practice, Sec. 14.15.

Plaintiff has made no such allegations in his third-party complaint but rather, has apparently used Rule 14 as a method of obtaining interpleader which is not properly within the scope of the Rule. 3 Moore, Federal Practice, Sec. 14.04. Since it is clear that International cannot be considered a third-party defendant under Rule 14, it is my opinion that Kaiser intended to implead International as a defendant under Rule 13(h) of the Federal Rules. See Title 28 U.S.C.A., Appendix of Forms, Form 21.

Rule 13(h) provides as follows:

"(h) *Additional Parties May Be Brought in.* When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counter-claim or cross-claim, the court shall order them to be brought in as defendants as provided in these rules, if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

Since International was amenable to process, the only questions under Rule 13(h) are:

1. Whether International's presence in this suit was required for the granting of complete relief in the determination of Ralston's counterclaim; and

2. Whether International's joinder would deprive the Court of jurisdiction of the action presented by that counterclaim.

In answer to the first question, I hold that International is an indispensable party to the adjudication of

Ralston's counterclaim since, in essence, the counterclaim concerns the ownership of dies as between Ralston and International. Brodsky v. Perth Amboy National Bank, 3 Cir., 1958, 259 F.2d 705; Johnson v. Middleton, 7 Cir., 1949, 175 F.2d 535; State of Washington v. United States, 9 Cir., 1936, 87 F.2d 421; Federal Gas, Oil & Coal Co. v. Cassady, D.C.E.D.Ky.1943, 56 F.Supp. 824.

As to the second question, I hold that the joinder of International as an indispensable party does deprive the Court of jurisdiction of the action presented by the counterclaim. If a counterclaim is compulsory, the same jurisdiction that supports the complaint will also support the counterclaim and independent grounds of jurisdiction need not be alleged or be found to exist while if a counterclaim is permissive, independent grounds of jurisdiction to hear the counterclaim must be alleged and must also be found to exist. McNaughton v. New York Central Railroad Company, 7 Cir., 1955, 220 F.2d 835; Reynolds v. Maples, 5 Cir., 1954, 214 F.2d 395, 399; West Coast Tanneries, Limited v. Anglo-American Hides Co., D.C.S.D.N.Y.1957, 20 F.R.D. 166.

Rule 13(a) of the Federal Rules of Civil Procedure defines a compulsory counterclaim as "any claim which * * * the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Conversely, a permissive counterclaim is defined in Rule 13(b) as "any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim".

In my opinion the broad claim of Ralston against Kaiser for the value of the dies and/or for the return of the dies plus the reasonable value of their use, does not arise out of the *transaction* or *occurrence* that is the subject matter of Kaiser's claim against Ralston for goods sold and delivered. Since Ralston's counterclaim is permissive, there must be found independent jurisdictional grounds to support it. Jurisdiction cannot be founded upon diversity of citizenship because International, as an indispensable party to Ralston's counterclaim would have to be aligned with Kaiser as a defendant thereto. City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47. After alignment, the Court would be deprived of jurisdiction because the counter-plaintiff and one of the counter-defendants are both Illinois corporations. Reynolds v. Maples, 5 Cir., 1954, 214 F.2d 395, 399. Nor can the fact that Kaiser alleges in its reply that the dies in issue were used to make the goods which it sold and delivered to Ralston in any way qualify Ralston's broad counterclaim. West Coast Tanneries, Limited v. Anglo-American Hides Co., D.C.S.D.N.Y. 1957, 20 F.R.D. 166. Furthermore, Ralston's counterclaim is not in the nature of a setoff so as to fall within the exception of the rule which requires independent grounds of jurisdiction for permissive counterclaims since Ralston's alleged setoff is used affirmatively rather than defensively and is unliquidated rather than liquidated or capable of being liquidated. Marks v. Spitz, D.C. Mass.1945, 4 F.R.D. 348.

Accordingly, since I find no independent grounds of jurisdiction to support Ralston's counterclaim, the same is dismissed.

Partial judgment for Kaiser in the amount of $25,319.70. Cause is set for trial October 2, 1959, as to the issue of interest.