Stephen ANDRETTA, Plaintiff,

v.

TUBE DISTRIBUTORS CO., Inc.,
Defendant.

TUBE DISTRIBUTORS CO., Inc., Third-Party Plaintiff,

v.

NATIONWIDE INSURANCE COMPANY,
Third-Party Defendant.

Civ. A. 18898.

United States District Court
E. D. New York.

Feb. 16, 1960.

892

O'Brien & Kelly, Brooklyn, N. Y., for third-party defendant, by Donald H. Dochner, Brooklyn, N. Y., of counsel.

Francis Sorin, Jersey City, N. J., for plaintiff.

Thomas Keane, Brooklyn, N. Y., for defendant and third-party plaintiff, by Francis P. Cunnion, Brooklyn, N. Y., of counsel.

BYERS, District Judge.

■ This is a motion by a third-party defendant to dismiss the third-party complaint, for failure to give notice of claim within the time specified in the policy involved; or in the alternative, to grant a severance as to the third-party action.

The dispute is obviously between two liability companies that insured the defendant Tube, and Eazor respectively.

The plaintiff Andretta was an employee of the latter on July 2, 1957 and asserts that he was injured at about 11:40 "while walking on top of crates of merchandise stowed on his truck, tripped on some of the merchandise and fell off the truck to the ground." (Pretrial conference May 19, 1959.)

He brought suit against Tube and in his complaint, filed July 29, 1958, alleged:

"2. On July 2, 1957, the plaintiff was an invitee on the premises of defendant's place of business in Garden City, New York.

"3. At the said time and place, the defendant through its agents, servants or employees so negligently operated a crane as to cause plaintiff to fall and suffer injury."

An answer was filed August 26, 1958 denying the above quoted allegations and pleading as a defense contributory negligence.

On December 2, 1959 the plaintiff brought its motion for leave to implead its employee Schlapa who was operating the crane referred to in paragraph 3 of the complaint quoted above. That motion was denied by Judge Abruzzo for reasons stated in his opinion of December 22, 1959.

Meanwhile, on June 22, 1959 on unopposed motion, Judge Smith, sitting in this court, signed an order granting Tube's motion to add Nationwide Insurance Company, the liability insurer of plaintiff's employer Eazor, to be called Nationwide, as third-party defendant. (Seemingly the correct corporate name is Nationwide Mutual Insurance Company.) Such complaint was filed July 1, 1959, and the answer thereto on September 21, 1959.

The motion to dismiss presents two important contentions:

A. That notice of the accident was not given to Nationwide "as soon as practicable" within the terms of the policy of insurance issued to Eazor.

Since Tube filed its answer on August 26, 1958, that date must be deemed as fixing its knowledge of the occurrence upon which plaintiff relies to sustain his cause. It would be difficult to conclude that Eazor would have been deemed to have given notice to its insurer, "as soon as practicable" had it failed to do so until ten months had elapsed, namely the date of the order of impleader which was June 22, 1959, nearly two years after plaintiff's injury. It is to be remembered that Tube seeks coverage under the Eazor policy, which must define its present rights.

This aspect of the case may depend upon facts not appearing in the motion papers, that is a triable issue may be present.

B. That since liability has not been established against Tube, thereby giving it a status under the Eazor policy, the provisions of Section 8 of which are thus drawn into question. That section need not be quoted, but it provides in effect that the insured's obligation must be established, otherwise that no action shall lie against Nationwide.

There are state court decisions cited which hold that in the presence of a disclaimer of liability to its insured, the latter may seek a declaratory judgment

against the insurer, to establish the latter's liability under a policy containing such a provision. That is not precisely the question raised by this motion, since no affirmative action on the part of Eazor is before the court. The status of Tube under the Eazor policy under Sub. A above, is involved in Sub. B, and it seems wise to defer both questions for trial so that decision can be reached only in light of all available evidence. To that extent, the motion will be denied without prejudice to the renewal thereof at the trial.

■ Since this aspect of the issues raised by the third-party pleadings is quite apart from the question of Tube's liability to the plaintiff Andretta for its alleged negligence toward him, no reason appears why the jury should be expected to pass upon the issues above discussed, in connection with the plaintiff's cause; I am persuaded that the questions should be separately tried, and therefore the motion to sever is granted. Cf. American Zinc Co. of Illinois v. H. H. Hall Const. Co., D.C., 21 F.R.D. 190.

Settle order on three days' notice, within ten days from the date of this decision.