SWANN, Judge
(dissenting).
The case of Howard v. American Service Mutual Insurance Co., Fla.App.1963, 151 So.2d 682, involved an automobile liability policy which contained a clause, stating in part, that it “shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall he applicable.” (Emphasis added.)
The instant case involves a policy which contains a clause (set out in full in the majority opinion), in part, as follows:
* * * * * *
“When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. * * * ” (Emphasis added.)
******
This case involves the interpretation and application of a different insurance clause than that involved in Howard, supra, and is therefore distinguishable.
When does the instant policy become-“certified as proof of financial responsibility for the future” under Florida law? In* my opinion the policy may become certified when the financial responsibility authorities-of Florida take away the driving privileges and/or automobile registration certificate- or plates of an individual, and will not permit the use of such license or registration plates until proof of financial responsibility has been furnished to the state. One way,, among others, that financial responsibility for the future can be satisfied is by filing-a motor vehicle liability policy which has-been certified by the issuing insurance company that the policy will comply with the financial responsibility laws. This is done by the insurance company filing an SR-22 form with the state authorities. The SR-22' form certifies that the policy, to which the-form applies, will comply with the financial' responsibility laws, and is furnished to supply financial responsibility for the fivture. When a person has not been compelled to file such a certified policy it is, in my opinion, a voluntary policy, and therefore the-instant clause which refers to a “certified”' policy “for the future”, has nothing whatever to do with the terms and conditions of a voluntary policy.
The policy herein had not been certified' and was therefore a voluntary policy. Generally, a policy of insurance which has-not been certified may contain exclusions, and restrictions of coverage. See Hoosier Cas. Co. of Indianapolis, Ind. v. Fox, N. D.Iowa, 1952, 102 F.Supp. 214, and cases cited therein; Temperance Insurance Exchange v. Coburn, 1963, 85 Idaho 468, 379 P.2d 653; Mooradian v. Canal Insurance Company, 1961, 272 Ala. 373, 130 So.2d 915; Safeco Insurance Company of America v. Gonacha, 1960, 142 Colo. 170, 350 P.2d 189; United States Fidelity and Guaranty Co. v. Walker, Okl.1958, 329 P.2d 852; Aetna Casualty & Surety Co. v. Simpson, 1957,. 228 Ark. 157, 306 S.W.2d 117; Utah Farm; Bureau Ins. Co. v. Chugg, 1957, 6 Utah 2d; 399, 315 P.2d 277; Kentucky Farm Bureau Mut. Ins. Co. v. Miles, Ky.1954, 267 S.W. *379 2d 928; Johnson v. Universal Automobile Insurance Ass’n., La.App.1960, 124 So.2d 580; Porterfield v. Truck Insurance Exchange, 1960, 28 Ill.App.2d 195, 171 N.E.2d 108; Stollery Bros. Inc. v. Inter-Insurance Exchange, 1957, 15 Ill.App.2d 179, 145 N.E. 2d 768; Pohlman v. Universal Mutual Casualty Co., 1956, 12 Ill.App.2d 153, 138 N.E. 2d 848; McCann for use of Asterman v. Continental Casualty Co., 1955, 6 Ill.App.2d .527, 128 N.E.2d 624; McCarthy v. Insurance Company of Texas, Tex.Civ.App.1954, 271 S.W.2d 836.
In addition to never having been “certified as proof of financial responsibility for the future under the financial responsibility laws”, the policy contained a clear, specific and unambiguous exclusion clause, to-wit:
“It is hereby agreed and understood that .all coverage shall be null and void while the vehicle is driven by Forrest H. Pelfrey.”
Forrest H. Pelfrey was driving the vehicle at the time of the accident.
The case of Lynch-Davidson Motors v. ‘Griffin, Fla.App.1965, 171 So.2d 911, which is directly contra to this dissent, involved -an insurance clause similar to that in the instant case. That case was decided sub-sequent to Jefferson Insurance Company v. Fischer, Fla.1964, 166 So.2d 129, which, in -my opinion, is controlling to the case at bar. In Jefferson the Supreme Court of Florida was faced with the interpretation of an exclusion clause in an automobile liability -insurance policy. Justice Caldwell for the Court stated:
* * * * * *
“The insurer and the insured enjoyed the right to contract such coverage as was mutually agreeable. The insured did not complain and has not asserted that he was misled, that the contract was ambiguous or that he was in any wise confused by the statements said to be in conflict. * * *
******
“We cannot agree the policy was either misleading, ambiguous or contained conflicting provisions. The limitation complained of was lucidly specified in the application and in two clauses of the policy and was understood by the insured. The intent of the parties was clear and the insured was afforded the protection he applied and paid for.
******
“ * * * cour(. ‘ * * * cannot under the guise of construction make a new contract for the parties * * ”
* * * * * *
The Financial Responsibility Law of Florida became law on October 1, 1955. Many Florida cases have been decided since that date which have held that the ■ courts would recognize specific exclusions in insurance contracts. See Liberty Mutual Ins. Co. v. Imperial Casualty & Ind. Co., Fla.App. 1964, 168 So.2d 688; Hodapp v. Shelby Mutual Insurance Company, Fla. App.1964, 166 So.2d 772; Liberty Mutual Insurance Company v. Conley, Fla.App. 1963, 152 So.2d 521; O’Brien v. Halifax Insurance Co. of Massachusetts, Fla.App. 1962, 141 So.2d 307; Carter v. National Automobile Insurance Co., Fla.App.1961, 134 So.2d 864.
I do not believe that the Financial Responsibility Law eliminates specific and unambiguous exclusions in an insurance contract, not certified, which the parties have executed freely and voluntarily and for which a valid consideration (premium) has been determined and paid. To hold otherwise will create chaos and confusion in determining the amount of premiums to be charged by the insurance company to its policy holders.
The effect of the majority ruling will mean that there can no longer be any effective exclusions in automobile liability insurance'contracts in Florida.
For the reasons above stated, I respectfully dissent.