MAR SAN, a Division of Products Fulfillment, Inc., Plaintiff-Appellant, *v.* INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.

First District (5th Division)    No. 79-1724

Opinion filed June 27, 1980.

A. S. Frankenstein, of Frankenstein & Frankenstein, of Chicago, for appellant.

Conklin & Adler, Ltd., of Chicago (Allen L. Shulman, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought an action against defendant-insurer seeking payment for the loss and disappearance of a shipment of merchandise entrusted to Shulman Air Freight, Inc. (Shulman), its insured. The trial court granted defendant's motion to strike and dismiss plaintiff's complaint. In so doing, the trial court found that section 388 of the Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 1000) does not allow direct action suits against the insurer. On appeal, plaintiff asserts that section 388 does give it a right to maintain a direct action against the insurer where the insured is insolvent or bankrupt. We affirm the trial court.

On March 22, 1978, Shulman received merchandise from the plaintiff for shipment and delivery. The delivery was never consummated as the merchandise disappeared in transit. The shipment of merchandise entrusted to Shulman was covered by a policy of insurance issued by defendant. Subsequent to plaintiff's filing a claim with defendant, Shulman filed its petition in bankruptcy in the United States District Court for the Southern District of New York. The district court thereafter enjoined any action against the carrier. Plaintiff then filed a direct action suit against the defendant pursuant to section 388 of the Insurance Code. A default judgment was entered against defendant. The default judgment was vacated, and defendant then moved to strike and dismiss plaintiff's complaint. Defendant asserted that section 388 did not apply as no judgment had been rendered against Shulman. The trial court granted defendant's motion to strike and dismiss finding that an interpretation of the provision in *Pohlman v. Universal Mutual Casualty Co.* (1956), 12 Ill. App. 2d 153, 138 N.E.2d 848, does not permit direct action suits against the insurer. This appeal follows.

OPINION

Plaintiff claims section 388 of the Insurance Code gives it the right to proceed in a direct action against the defendant in the event the common carrier is insolvent or bankrupt. Plaintiff argues the trial court's reliance on *Pohlman* is misplaced. It is plaintiff's contention that the bankruptcy and insolvency of Shulman provide an exception to the policy of no direct action against the insurer. Plaintiff posits that the statute protects the

injured party in the event of bankruptcy or insolvency of the insured. We disagree.

Section 388 provides in pertinent part:

> "No policy of insurance against liability or indemnity for loss or damage to any person other than the insured, or to the property of any person other than the insured, for which any insured is liable, shall be issued or delivered in this State after the effective date of this Code by any company subject to this Article unless it contains in substance a provision that the insolvency or bankruptcy of the insured shall not release the company from the payment of damages for injuries sustained or death resulting therefrom, or loss occasioned during the term of such policy, and stating that in case execution against the insured is returned unsatisfied in any action brought by the injured person or his or her personal representative in case death results from the accident because of such insolvency or bankruptcy, then an action may be maintained by the injured person or his or her personal representative against such company under the terms of the policy and subject to all of the conditions thereof for the amount of the judgment in such action not exceeding the amount of the policy." Ill. Rev. Stat. 1977, ch. 73, par. 1000.

We find section 388 to be plain and concise in that the right to take direct action against the insurer is predicated upon obtaining a judgment as a prerequisite. Statutory language which is plain and without ambiguity must be given effect. *Bovinette v. City of Mascoutah* (1973), 55 Ill. 2d 129, 302 N.E.2d 313; *Department of Public Works and Buildings v. Schon* (1969), 42 Ill. 2d 537, 250 N.E.2d 135.

Although we decided *Pohlman* on other grounds than we have present here, we uphold our interpretation of section 388. In *Pohlman*, plaintiff sued the insurer for personal injuries sustained in a motor vehicle collision. The insured had rented a trailer from the Standard Trailer Service, which trailer was covered by a policy of insurance issued by the defendant in Illinois. No judgment was entered against the insured. Defendant moved to strike the complaint because there had been no determination of the liability of the alleged tortfeasor. The trial court sustained the motion and we affirmed. We indicated in this decision that section 388 "presupposes that a judgment will be recovered against the insured and permits a direct action to be brought against the insurance company in case execution on the said judgment has been returned unsatisfied, and eliminates from the consideration of the court any defense which might have been urged by the insurance company to the effect that the insured was either insolvent or bankrupt. It does not give

the injured party the right to bring a primary action against the insurance company before the liability has been established in a suit brought by him against the insured." (*Pohlman*, 12 Ill. App. 2d 153, 160, 138 N.E.2d 848, 852.) A subsequent Illinois case prohibits direct action suits against the insurer even where a sister State's law would apply and allow such an action, this being in violation of Illinois public policy. *Marchlik v. Coronet Insurance Co.* (1968), 40 Ill. 2d 327, 239 N.E.2d 799.

In its reply brief, plaintiff argues that *Scroggins v. Allstate Insurance Co.* (1979), 74 Ill. App. 3d 1027, 393 N.E.2d 718, allows a third party to file a direct action against the insurer. We disagree. First, *Scroggins* does not interpret the language of the provision in question here. It deals with an insurer's duty to deal in good faith in regards to matters affecting its insured. Secondly, even if we were to assume that *Scroggins* did interpret section 388, it specifically states:

" * * * that in the absence of statutory or contractual language sanctioning a direct action * * * actions by injured claimants founded on third party beneficiary principles have not been permitted." (74 Ill. App. 3d 1027, 1031, 393 N.E.2d 718, 721.)

The provision in question specifically provides:

" * * * that in case execution against the insured is returned unsatisfied * * * then an action may be maintained by the injured person or his or her personal representative against such company under the terms of the policy and subject to all of the conditions thereof for the amount of the judgment in such action not exceeding the amount of the policy." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 73, par. 1000.)

The language clearly provides no direct action unless judgment against the insured is returned unsatisfied. There is no sanctioning of direct action suits against the insurer until this requirement is met.

Plaintiff argues that if this suit is not allowed it would, in effect, be left without a remedy as it cannot secure a judgment against the bankrupt and insolvency of the bankrupt would make the filing of a claim meaningless. The provisions of the Bankruptcy Act and Rules of the Bankruptcy Court (11 U.S.C. §1 *et seq.* (1976)) however, do provide relief to the plaintiff. Rule 401 (11 U.S.C. App. R. 401(a),(d) (1976)), while providing an automatic stay of pending litigation against the bankrupt, also provides for a lift of stay upon application to the court. Specifically, part VII of the Bankruptcy Rules "govern any proceeding instituted by a party before a bankruptcy judge to * * * determine the validity, priority or extent of a lien or other interest in property, * * * obtain relief from a stay as provided in Rule 401 * * * ." (11 U.S.C. App. pt. VII.) The record does not disclose that plaintiff attempted to avail itself of this process. It would

appear this was plaintiff's avenue of action after the bankruptcy petition had been filed before filing suit against the insurer.

Affirmed.

LORENZ and MEJDA, JJ., concur.