Frances J. FOWLER and Kenneth Fowler, Plaintiffs,

v.

Arnold BICKHAM, M.D., et al., Defendants.

No. 80 C 0547.

United States District Court, N.D. Illinois, E.D.

Oct. 14, 1982.

Terence M. Heuel, Leake, Eposito & Heuel, Chicago, Ill., for plaintiffs.

Barry G. Bollinger and Joan M. Fencik, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Frances and Kenneth Fowler ("Fowlers") originally sued Dr. Arnold Bickham ("Dr. Bickham") and his abortion clinic corporation, charging medical malpractice during performance of an abortion. Fowlers' claim was one of a host of like claims with which Bickham (more accurately, his insurer Chubb/Pacific Indemnity Group Insurance Companies ("Chubb")) was confronted.[1] Although Chubb had agreed to pay Fowlers $15,000 in settlement of their claim, Dr. Bickham refused to consent to that settlement unless he were afforded further professional liability insurance coverage to enable him to resume practice after he had completed a prison sentence stemming from his abortion activities. Fowlers' counsel (acting as a volunteer in the interests of his clients) has sought unsuccessfully to obtain such coverage for Dr. Bickham. Now Dr. Bickham has filed for bankruptcy.

Frustrated over their inability to break the Catch-22 situation with which they are confronted, plaintiffs have named Chubb in a new Count X of the Amended Complaint, seeking declaratory relief and payment of the $15,000. Fowlers claim to be third party beneficiaries of the Bickham-Chubb insurance contract. Chubb has filed a motion to dismiss. Its motion must regretfully be granted, but not for the overly simplistic reason asserted in Chubb's memorandum.

Chubb argues that Illinois law, which controls in this case, does not permit a direct action against an insurer until *judgment* is obtained against the insured. *Marchlik v. Coronet Insurance Co.,* 40 Ill.2d 327, 239 N.E.2d 799 (1968); *Mar San Division of Products Fulfillment, Inc. v. Insurance Co. of North America,* 86 Ill.App.3d 64, 41 Ill.Dec. 471, 407 N.E.2d 969 (1st Dist. 1980). That argument, accurate so far as it goes, is not the whole story. Surely there is a substantial likelihood that Illinois law would treat an enforceable *agreement* for settlement as the equivalent of a judgment for that purpose.

But Fowlers do not have an enforceable agreement. Their claimed agreement with Chubb was conditional on Chubb's part—conditioned, that is, on Bickham's consent.[2] Both Fowlers' and Chubb's ability to obtain such consent from Bickham is blocked by his insistence on a condition that cannot be met. Just as Fowlers have no claim against Chubb for a breach of the duty of good faith and fair dealing Chubb owes Dr. Bickham, *Scroggins v. Allstate Insurance Co.,* 74 Ill.App.3d 1027, 1031, 30 Ill.Dec. 682, 685, 393 N.E.2d 718, 721 (1st Dist.1979), so Fowlers have asserted no basis for a claim by them against Dr. Bickham for his breach of any correlative duty to Chubb.

Thus Fowlers' legal position vis-a-vis Chubb appears to be much like that of the unsuccessful direct action plaintiffs in the Illinois cases referred to earlier. Fowlers offer no counter-authority except for sheer equitable considerations. This Court is one of limited power—it must depend on a state-derived cause of action to hold Chubb in the case. No such cause of action has been stated.

Count X is dismissed. Under the circumstances, however, Fowlers may in future become entitled to sue Chubb. Accordingly dismissal is not ordered with prejudice as Chubb asks.

---

1. Various of the facts stated in this opinion stem from matters of which the Court has been apprised during the numerous status calls in this action. They are included only by way of information, and are not of course necessary to the Court's decision.

2. Apparently, though Count X implies rather than states this, such consent is required because of a condition contained in the insurance contract.