Stollery Bros., Inc., Appellant, v. Inter-Insurance Exchange of Chicago Motor Club, a reciprocal, inter-insurance exchange, Appellee.

Gen. No. 47,162.

First District, First Division.
October 21, 1957.
Rehearing denied November 12, 1957.
Released for publication December 5, 1957.

Frederick J. Bertram, of Chicago, for appellant.

Meyers & Matthias (Donald L. Thompson, of counsel) for appellee.

PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

On October 6, 1950, one Schmidt drove his automobile over a sidewalk and through the store front of a florist shop owned by plaintiff. On June 3, 1952 plaintiff instituted suit against Schmidt for property damage and caused summons to be served. Schmidt defaulted and in due course plaintiff proved up its case and obtained judgment for $10,935 property damage. Plaintiff then brought suit against defendant, as the insurer of Schmidt, for $5,000, being the amount of insurance provided by the policy of insurance. The attorney for plaintiff had written to defendant on

October 31, 1950, advising it of the accident and suggesting that if it were disposed to settle the claim, to take the matter up with him. He received a reply from defendant that it had no report of the accident from its assured, to whom it was writing, but if he would furnish it with a complete report of the accident, it would take the matter up further. Following this, there was no further exchange of correspondence nor any notice by plaintiff of the suit against Schmidt until long after judgment by default was obtained. After several amendments and hearings, a motion to strike the amended complaint was sustained and plaintiff's suit was dismissed. From this order plaintiff appealed.

The principal issue is whether the failure to allege in general or specific terms the performance of conditions precedent to an action against the insurer, such as the requirement that the insured notify defendant of claim or suit, transmit demand or summons and cooperate in his defense, was a sufficient basis to sustain the motion to strike and to dismiss the suit. Plaintiff rests his case on two propositions:

First, he argues that the Financial Responsibility Act (Ch. 95½, Par. 58—K, Ill. Rev. Stat. 1955) is applicable pursuant to a provision of the policy, and that under this Act the liability of the insurance carrier to the injured party became absolute upon the happening of the accident.

Secondly, plaintiff contends that under a provision of the policy any person who has secured final judgment against an insured is entitled to recover to the extent of the insurance afforded by the policy, and that this right to recover accrued regardless of the failure of the insured to perform conditions precedent.

The first proposition depends upon the construction of the Financial Responsibility Act as related to the provision in question. Both the Act and the provision of the policy have been considered and interpreted con-

trary to the position of plaintiff. McCann v. Continental Casualty Co., 8 Ill.2d 476, affirming 6 Ill. App.2d 527. Plaintiff contends that there is a distinction between that case and the instant case in that in the McCann case the question was one of the extent of coverage, the operator of the vehicle at the time of the accident being one who it was claimed was using the vehicle with the alleged permission of the insured; whereas in the instant case there is no doubt about the policy covering the operator of the automobile, Schmidt, who was the insured named in the policy. However, in the McCann case, as in the instant case, the plaintiff relied on a provision of the policy with respect to the Financial Responsibility Act which was identical with the provision in the instant case. He argued, as plaintiff does here, that the policy adopted all the provisions of the Act and therefore adopted that portion of Paragraph 58—K which provides that a policy given under that Act was required to insure "the person named therein *and any other person* using or responsible for the use of said motor vehicle or vehicles with the express or implied permission of said insured." This section is known as the "omnibus clause." The Supreme Court held that a proper interpretation of the Financial Responsibility Act and of the provision in the insurance policy here in question was that the provision was intended to be applicable to a policy given to comply with the compulsory requirement of the Financial Responsibility Act. That compulsory requirement applies to a case in which a judgment has been obtained against the operator of an automobile and that judgment is not paid. Under such circumstances, the driver in order again to obtain a license to drive must offer proof of his financial responsibility. To make that proof he may offer a policy of insurance which complies with the terms of the Financial Responsibility Act. Neither

182

in the McCann case nor in the instant case was the policy issued or offered for that purpose.

The Appellate Court in the McCann case pointed out in its opinion that the policy was a standard policy written to comply with the laws of all states in which the company might be doing business. As such, it could have been used as a policy offered to establish financial responsibility pursuant to the requirements of the act. If so used, under the rule laid down in the McCann case the policy would have been construed as embodying the provisions of the statute that it covers any person permitted to use the vehicle, and that liability would be established on the happening of the accident. In our opinion the McCann case is conclusive of the issues here involved to the extent that the Financial Responsibility Act cannot be invoked to enlarge the terms of the policy. We therefore hold that the liability of the insurer did not become absolute upon the happening of the accident.

 Plaintiff cites as authority for his view the case of Landis v. New Amsterdam Casualty Co., 347 Ill. App. 560. That was distinguished both in the Supreme and Appellate Court decisions in the McCann case. The case of Konrad v. Hartford Accident & Indemnity Co., 11 Ill.App.2d 503, decided since the McCann case, is also cited as authority for plaintiff's position. In that case a policy was issued covering a trucking operation. An injury occurred while a truck was being driven by an employee driver who had taken it home with the permission of his supervisor and was using it for his own pleasure. In a suit brought against the driver, the plaintiff recovered a judgment. The plaintiff then brought a garnishment suit against the insurance company on the theory that the driver was covered by the policy. The policy contained an omnibus clause including as the insured any person using the automobile with the permission of the insured. The

court concluded that the driver was insured under that provision of the policy. That was sufficient to sustain a judgment against the insurer. The court went further than necessary and held that the provisions of the Financial Responsibility Act were applicable. To that extent it was in our opinion contrary to the McCann case. The great weight of authority in the United States supports our conclusion, as revealed by the cases cited in the Supreme and Appellate Court opinions in the McCann case.

This leaves for interpretation the second point relied upon by plaintiff. This is based on the provision of the policy that any person who has secured final judgment against the insured shall thereafter be entitled to recover under the policy "to the extent of the insurance afforded by this policy." This must be interpreted without reference to the Financial Responsibility Act. The loss in question is covered in the insurance policy under the general heading of "Insuring Agreements," Clause 2 of which provides for "Property Damage Liability." Following this is another heading, "Supplemental Insuring Agreements and Conditions Applicable to Clauses One, *Two* and Three Only." This contains a list of various enlargements and restrictions on the meaning of the specific risk insured as "Property Damage Liability." These make the insurance applicable under restrictive conditions to other automobiles than the one referred to in the policy and enlarge the scope of those insured to include use by the wife and members of the household, and so on. Under the same title of "Supplemental Insuring Agreements," we have the clause upon which plaintiff relies with respect to the payment of a final judgment. Following these "Supplemental Insuring Agreements," is a list of "Supplemental Conditions," applicable to Clauses One, *Two* and Three. These include the conditions in question, that is, notice, transmission of writs, and co-operation with the insurer.

The agreement to pay a final judgment is a supplement to Insurance Agreement No. 2 which defines the coverage. Insurance Agreement No. 2 is subject to all the applicable supplemental conditions. The agreement to pay a final judgment is, therefore, likewise subject to the same conditions. Considering the contract as a whole we cannot come to any other conclusion than that the conditions with respect to notice, transmission of writs, and co-operation in defense of a case apply, even though final judgment was obtained by plaintiff against the insured. A different result would follow if the Financial Responsibility Act were applicable.

█ Plaintiff's next point is that defendant is a partnership consisting of all its insured members and hence notice to the insured Schmidt was notice to defendant, and that defendant cannot complain of dereliction of duty on the part of one of its partners. Defendant is an inter-insurance exchange organized pursuant to the provisions of the Illinois statute (Ch. 73, Par. 674, Ill. Rev. Stat. 1955). Plaintiff's argument is that since defendant is neither a corporation nor an individual, it must be a partnership. The legislature in the regulation of the insurance business is not limited to the traditional categories which are, in the final analysis, only names applied to certain legal entities. The nature of an inter-insurance exchange or reciprocal insurance company was discussed by us in People ex rel. Day v. Progress Ins. Ass'n, 8 Ill.App.2d 75. Clearly, it was not the intention of the legislature that such an organization should be a partnership in which each holder of an insurance policy would be an agent of all others. To so find would be to destroy what the legislature has created.

Order affirmed.

McCORMICK and ROBSON, JJ., concur.