**FIDELITY & CASUALTY COMPANY OF NEW YORK, a corporation, Plaintiff,**

v.

**Merlene PETERSON, a minor, and Walter H. Franck, Individually and Walter H. Franck, as Administrator of the Estate of Verna L. Franck, deceased, Defendants.**

**Civ. A. No. P-2341.**

United States District Court
S. D. Illinois, N. D.
March 9, 1961.

**616**

John V. Patton, Bozeman, Neighbour & Patton, Moline, Ill., for plaintiff.

Thomas F. Railsback, Moline, Ill., for defendants

MERCER, Chief Judge.

Plaintiff, Fidelity, filed its complaint for a declaratory judgment that no coverage or benefits enure to the defendants, or either of them, under plaintiff's policy of insurance, No. VFFR 62–02273, issued to Joseph Munson, with reference to an accident which occurred on August 3, 1958.

After an answer was filed on behalf of defendant, Merlene Peterson, plaintiff moved for summary judgment against her and for a default judgment against defendant Walter H. Franck, individually and as Administrator of the Estate of Verna L. Franck, deceased. The cause is now before the court upon those motions.

Defendant, Walter H. Franck, consents that judgment may be entered in favor of plaintiff and against him in both his individual and fiduciary capacities, and judgment will, accordingly, be entered against him.

Thomas F. Railsback was appointed by the court as guardian ad litem for the minor defendant, Merlene Peterson. An answer has been filed by Mr. Railsback on her behalf which, in pertinent part, avers that she is without information sufficient to form a belief as to the truth of the allegations of the complaint which are material to the decisive issue.

The litigation arises out of facts as hereinafter summarized which are wholly undisputed, except as noted.

On and prior to August 3, 1958, plaintiff's policy of insurance No. VFFR 62–02273, issued to Joseph Munson, was in full force and effect. That policy included within the definition of persons insured, with respect to any non-owned automobile, any relative of the insured, with respect to the use of a private passenger automobile with the permission of the owner of such automobile.

On and prior to the mentioned date, Merlene Peterson who is hereinafter referred to as defendant, was a relative of Joseph Munson, and was residing with him.

Condition 3 of the said policy of insurance provides, in pertinent part: "In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. * * * If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

On August 3, 1958, defendant was operating an automobile owned by one George Lenz, Jr., when the automobile was involved in an accident in which the defendant Walter Franck was injured, and Franck's decedent received injuries from which she subsequently died.

A complaint was filed by Franck, individually and as administrator of the estate of Verna L. Franck, in the Circuit Court of Mercer County, Illinois, against both Lenz and defendant for damages arising out of the above described automobile accident. Plaintiff first received notice of the occurrence of that accident and of the pendency of the Mercer County suit against defendant, on or about July 11, 1960. Plaintiff's attorneys thereafter entered their appearance in the Mercer County suit under a reservation of the right of plaintiff to rely upon its claim of a breach of the notice condition of its policy to refute any liability on plaintiff's part to defend the Mercer County suit or for the payment of any

judgment therein entered in favor of Franck.

The prayer of the instant complaint is that the court declare that no coverage under the policy to Munson is provided in the premises for defendant, and that plaintiff is subject to no liability whatsoever under its policy, with reference to the accident of August 3, 1958.

Plaintiff's motion for summary judgment is supported by the affidavit of its claim agent, in which the affiant states that plaintiff had no notice from any person or source whatsoever of the occurrence of the August 3, 1958, accident, and that it had no knowledge thereof nor notice of any claim growing out thereof, until on or about July 11, 1960.

The statements contained in that affidavit which support allegations of the complaint are not contradicted. As I have previously alluded herein, defendant's answer to the notice allegations of the complaint averred lack of knowledge sufficient to form a belief as to the truth thereof. Defendant has submitted no counter-affidavits, or other proof, in refutation of the allegations of the complaint. On the contrary, it appears that the defendant refused to cooperate with her guardian ad litem in making any response to plaintiff's motion. Mr. Railsback stated at the oral hearing upon plaintiff's motion that he had advised defendant of the need for counter-affidavits, or other response to plaintiff's motion, and had sought to determine from her whether she could refute the plaintiff's proof in this regard. He further stated, and exhibited to the court letters which revealed, that defendant had wholly refused and failed to cooperate with him and to take any interest in this suit whatsoever.

Under those circumstances and upon the proof presented to the court, I find and conclude that no genuine issue as to any material fact is presented for trial, and summary judgment should be entered for plaintiff in accordance with the prayer of its complaint.

The failure of an insured to comply with the notice conditions of a policy of liability insurance justifies his insurer to disclaim liability and in the absence of a waiver or estoppel, to rely upon that breach of condition by the insured as a complete defense to any claim of liability of the insurer under the policy. Hawkeye-Security Ins. Co. v. Myers, 7 Cir., 210 F.2d 890; Allstate Ins. Co., v. Hoffman, 1st Dist., 21 Ill.App.2d 314, 158 N.E.2d 428; Stollery Bros., Inc. v. Inter-Insurance Exchange, 1st Dist., 15 Ill.App.2d 179, 145 N.E.2d 768; Cf. Simmon v. Iowa Mutual Casualty Co., 3 Ill. 2d 318, 323, 121 N.E.2d 509. See, also, 22 I.L.P. Insurance § 436. Here, there is no contradiction of the fact that plaintiff had no notice from any source of the automobile accident of August 3, 1958, and no notice that a claim arising out thereof would be asserted against any person who would claim coverage as an insured under the Munson policy until almost two years after the occurrence of the accident.

I find that there was a breach of the notice provisions of plaintiff's policy which excuses plaintiff from all liability to defendant or any other person for claims arising out of the August 3, 1958, automobile accident.

It is, accordingly, ordered, adjudged, decreed and declared that plaintiff is not liable to defendants, or either of them, upon its policy of insurance No. VFFR 62–02273 for any judgment which may be entered against defendant, Merlene Peterson, arising out of the August 3, 1958, accident. It is further ordered, adjudged, decreed and declared that the said policy of insurance imposes no obligations upon plaintiff to defend any suit against defendant, Merlene Peterson, arising out of that accident.