Alma M. **DICKENS, Appellant,**

v.

**CONSECO MEDICAL INSURANCE COMPANY and Fritz Aldrine, Appellees.**

No. 05–03–00002–CV.

Court of Appeals of Texas, Dallas.

Nov. 18, 2003.

John M. Gillis, Dallas, for Appellant.

Gregory Pitts, Fort Worth, Fritz Joseph Aldrine, II, Attorney At Law, Dallas, for Appellee.

Before Justices WHITTINGTON, WRIGHT, and BRIDGES.

## OPINION

Opinion by Justice WHITTINGTON.

Alma M. Dickens appeals the trial court's summary judgment in favor of appellees Conseco Medical Insurance Company and Fritz Aldrine. In two issues, Dickens complains the trial judge erred in granting appellees's motions for traditional and no evidence summary judgment. We affirm the judgment of the trial court.

Dickens sued Conseco and Aldrine for benefits under a group major medical insurance policy. Conseco and Aldrine moved for summary judgment, alleging the policy had been rescinded because of misrepresentations by Dickens. Dickens offered her affidavit as summary judgment evidence, and testified to the following facts: Dickens obtained health insurance through an agent who was succeeded by Aldrine. Aldrine suggested Conseco as a replacement for Dickens's previous health insurance carrier. While Aldrine brought papers to Dickens's workplace for Dickens to sign, she did not read them and Aldrine did not suggest that she do so. Aldrine did not ask her to review the papers for accuracy or advise her any medical history was required. He never asked her any questions about her medical history. When Dickens made a claim on the policy, Conseco denied it because Dickens allegedly failed to disclose material medical information on the application. Conseco continued to debit Dickens's checking account for monthly premiums.

Dickens sued, alleging Conseco breached its contract with her by wrongfully denying her claim. Dickens further alleged Aldrine committed fraud by entering information on the application without Dickens's knowledge or consent. Aldrine moved for summary judgment, alleging Dickens had ratified the policy application and therefore had waived any claim of fraud. Aldrine further alleged there was no evidence of essential elements of Dickens's fraud claim, because Dickens did not establish Aldrine made any representation to her, and Dickens did not suffer injury from any fraud on Aldrine's part. *See* TEX.R. CIV. P. 166a(i). Conseco also moved for summary judgment on its affirmative defense that the policy was rescinded based upon Dickens's misrepresentations. Dickens agrees several of the health questions on the application were answered incorrectly or incompletely.

### STANDARD OF REVIEW

The standard of review in summary judgment is well-established. *See* TEX.R. CIV. P. 166a(c); *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 23 (Tex.1990). In

reviewing a summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Every reasonable inference in favor of the non-movant is allowed, and all doubts are resolved in her favor. *Nixon,* 690 S.W.2d at 548–49.

To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979); *Hoover v. Gregory,* 835 S.W.2d 668, 671 (Tex.App.-Dallas 1992, writ denied). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *See Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex. 1982).

Appellees also argued there was no evidence of one or more essential elements of Dickens's claims under rule 166a(i) of the Texas Rules of Civil Procedure. *See Espalin v. Children's Med. Ctr. of Dallas,* 27 S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.) (no-evidence summary judgment motion may be urged on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial). A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine fact issue. *See Espalin,* 27 S.W.3d at 683.

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.,* 12 S.W.3d 827, 832–33 (Tex.App.-Dallas

2000, no pet.). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Gen. Mills,* 12 S.W.3d at 833. When analyzing both traditional and no-evidence summary judgments, we consider the evidence in the light most favorable to the nonmovant. *See Nixon,* 690 S.W.2d at 549 (traditional summary judgment); *Gen. Mills,* 12 S.W.3d at 833 (no-evidence summary judgment).

### Conseco's Motion

Dickens's cause of action against Conseco was for breach of contract. Dickens further pleaded Conseco was precluded from denying contractual liability by the doctrines of waiver, ratification, and promissory estoppel, because Conseco continued to draft Dickens's checking account for monthly premiums due on the policy after denying her claim on the basis of her alleged misrepresentations. In its summary judgment motion, Conseco maintained the policy was rescinded effective December 15, 1999, based on the misrepresentations contained in the application.

■ The policy provides it will be governed by the laws of the State of Illinios. Under Illinois law, a misrepresentation on an application for an insurance policy does not defeat coverage unless (1) the misrepresentation was made with the intent to deceive; or (2) the misrepresentation materially affected either the acceptance of risk or the hazard assumed by the insurance company. 215 Ill. Comp. Stat. Ann. 5/154 (West 2000); *see also Nat'l Blvd. Bank v. Georgetown Life Ins. Co.,* 129 Ill.App.3d 73, 84 Ill.Dec. 330, 472 N.E.2d 80, 86, 88 (1984) (statute disjunctive, so either actual intent to deceive or material misrepresentation affecting acceptance of risk or hazard assumed can defeat policy). An incomplete answer or a failure to dis-

close material information in response to a question on an application can constitute a misrepresentation for purposes of this statute. *See New England Mut. Life Ins. Co. v. Bank of Illinois,* 994 F.Supp. 970, 976–77 (N.D.Ill.1998) (summary judgment motion by insurer to rescind policy granted where insured failed to disclose heart condition on application and information was material to risk assumed by insurer). Conseco does not attempt to prove any intent to deceive on Dickens's part. Instead, Conseco maintains the incorrect information on the application materially affected its acceptance of the risk and the hazard it assumed in issuing the policy. Conseco urges it has established these factors as a matter of law.

▇▇▇ Under Illinois law, whether an applicant's statements are "material" is determined by "whether a reasonably careful and intelligent person would have regarded the facts stated as substantially increasing the chances of the events insured against, so as to cause a rejection of the application or different conditions." *Ratliff v. Safeway Ins. Co.,* 257 Ill.App.3d 281, 195 Ill.Dec. 473, 628 N.E.2d 937, 942 (1993). Ordinarily, materiality is a question of fact. *See N. Life. Ins. Co. v. Ippolito Real Estate P'ship,* 234 Ill.App.3d 792, 176 Ill.Dec. 75, 601 N.E.2d 773, 780 (1992). The question may be appropriate for summary judgment, however, "where the misrepresentation is of such a nature that all would agree that it is or is not material." *N. Life Ins. Co.,* 176 Ill.Dec. 75, 601 N.E.2d at 780. The materiality of a misrepresentation in an insurance application may be established by the testimony of the insurer's underwriter. *See Royal Maccabees Life Ins. Co. v. Malachinski,* 161 F.Supp.2d 847, 854 (N.D.Ill.2001).

▇▇▇ In support of its motion for summary judgment, Conseco offered the affidavit of Mindy L. Stadel, a Second Vice–President of the Benefits Department of Conseco, who testified in part:

> Had the information on the application form been completed correctly, Conseco Medical Insurance Company would not have issued the policy to Plaintiff. The questions incorrectly answered were important to our underwriting process to determine if Plaintiff had any pre-existing conditions, and to determine whether the coverage would be issued or if certain pre-existing conditions were excluded from coverage, or to increase the cost of the coverage to cover the increased risk. We were unaware of the pre-existing conditions until we received the claims, the medical records and Plaintiff's October 24, 2000, letter.

In her summary judgment response, Dickens does not challenge the affidavit or argue the misrepresentations were not material. Rather, she argues Conseco has not established intent to deceive on her part, and Conseco's continued acceptance of premium payments estops it from rescinding the policy, or constitutes waiver or ratification. As noted above, Illinois law does not require proof of intent to deceive if the insurance company proves a misstatement on an application materially affected its acceptance of the risk and the hazard it assumed. *See* 215 ILL. COMP. STAT. ANN. 5/154; *Nat'l Blvd. Bank,* 84 Ill.Dec. 330, 472 N.E.2d at 86. Further, Stadel's affidavit included testimony that on January 25, 2001, Conseco refunded all premiums paid to Dickens. Dickens, however, testified Conseco continued to debit her checking account for the monthly premiums due after learning of the material misstatements on the application.

▇▇▇ Under Illinois law, an insurer may waive a policy defense or be estopped from asserting one. *See, e.g., Mollihan v. Stephany,* 52 Ill.App.3d 1034, 10 Ill.Dec.

870, 368 N.E.2d 465, 470–71 (1977). "Although strong proof is not required to establish a waiver of a policy defense, such facts must be shown as would make it unjust, inequitable or unconscionable to allow the defense to be interposed." *Mollihan*, 10 Ill.Dec. 870, 368 N.E.2d at 471. Waiver arises from an affirmative act by the insurer, which consists of an intentional relinquishment of a known right. *Ins. Co. of Illinois v. Brown*, 315 Ill.App.3d 1168, 248 Ill.Dec. 673, 734 N.E.2d 964, 969, *appeal denied*, 192 Ill.2d 690, 252 Ill.Dec. 78, 742 N.E.2d 328 (2000) (where after notice of cancellation, insurer offered to continue insurance for premium payment of specific amount by specific date, insured timely paid, and insurer did not refund premium, insurer waived defense of cancellation of policy). Here, Dickens does not argue she relied on the continued acceptance of premiums, does not dispute the refund of the premiums, and does not allege how it would be "unjust, inequitable, or unconscionable" to allow Conseco to rescind the policy based upon the undisputed failure to disclose material information on the insurance application. *See Mollihan*, 10 Ill.Dec. 870, 368 N.E.2d at 471. Summary judgment for Conseco was proper.

### ALDRINE'S MOTION

■ Aldrine moved for summary judgment alleging Dickens ratified the contract and therefore waived her claim of fraud in the inducement. In the alternative, Aldrine alleged summary judgment was proper because Dickens had presented no evidence of two essential elements of her fraud claim; specifically, she did not allege any actionable misrepresentation by Aldrine and she did not suffer any injury from the alleged fraud. Because the trial court's order does not specify the grounds relied upon in granting summary judgment, we may affirm if any of the theories

advanced by Aldrine are meritorious. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

■ The page of the application signed by Dickens contains a section entitled, "Applicant's Attestation," and provides in relevant part:

> By signing below, I attest that I have read the completed application form, and that all my answers and statements recorded therein are correct, complete, and wholly true to the best of my knowledge and belief. I understand that my qualification for insurance is based upon my answers.... I understand: 1) that this completed application is the basis upon which Conseco Medical Insurance Company will decide to insure me; 2) that this form seeks full disclosure of the information sought and no one has the authority to alter or exclude or to direct me to exclude any information sought by the form; 3) that incorrect or incomplete disclosure of any such information may result in loss of coverage or claim denial; 4) that medical benefits for pre-existing conditions may be limited....

The application, signed by Dickens and containing the false statements regarding her medical history, was attached to the policy issued to Dickens. Where an application for insurance is attached to and made a part of the policy and is accepted and retained by the insured, the insured is conclusively presumed to have knowledge of its contents and to have ratified any false statements therein. *See Odom v. Ins. Co. of the State of Pennsylvania*, 455 S.W.2d 195, 199 (Tex.1970). Because Dickens was charged with knowledge of the false statements on the application, summary judgment was proper on her claim for fraud against Aldrine. *See Pan-*

*kow v. Colonial Life Ins. Co.*, 932 S.W.2d 271, 276–77 (Tex.App.-Amarillo 1996, writ denied) (claim for misrepresentation fails for lack of reliance when party asserting claim is legally charged with knowledge of true facts). Summary judgment for Aldrine was proper.

We affirm the judgment of the trial court.